## WRONGFUL DEATH OF PASSENGER IN AN ELEVATOR.

Court of Appeals for Hamilton County.

THE OHIO TRACTION COMPANY v. ALICE FLYNN, ADMINISTRATRIX OF MICHAEL FLYNN.*

Decided, February 28, 1916.

*Negligence—Degree of Care Required of the Operator of an Elevator— Passenger Must be Given Time to Secure His Balance Before Machine is Started—Judgment of $7,000 for Death of a Young Man.*

1. The highest degree of care consistent with its practical use is required in the operation of a passenger elevator, and this requires that a passenger shall be given time to secure his balance after entering before the elevator is started.

2. In view of the fact that the Legislature has removed the former limitation on the amount which may be recovered for wrongful death, an award of $7,000 can not be regarded as excessive for the death of a vigorous man, twenty-six years of age, industrious, temperate and thrifty, who had contributed toward the support of his next of kin and who left surviving him a father and mother and ten brothers and sisters.

*Robertson & Buchwalter* and *Harry Neal Smith*, for plaintiff in error.

*Pogue, Hoffheimer & Pogue* and *Joseph L. Meyer*, contra.

GORMAN, J.

We are asked to reverse a judgment of the common pleas court in favor of defendant in error awarding her, as administratrix of the estate of Michael Flynn, deceased, $7,000 on account of the alleged wrongful death of said Flynn by reason of the alleged negligence of the plaintiff in error.

The plaintiff's petition below alleged that Flynn was unmarried, twenty-six years of age, and employed by the Cincinnati Traction Company as a motorman; that on the day of his

---

*Motion to require the Court of Appeals to certify its record in this case overruled by the Supreme Court, October 10, 1916.

death he had occasion to go to the offices of his employer in the Traction Building at Fifth and Walnut streets, in Cincinnati, and in so doing was obliged to use one of the elevators in said building; that after he entered the cab of said elevator the operator thereof, an employee of defendant, suddenly and negligently started the same before Flynn had reached a position of safety in said cab and before he had secured a firm footing, as a result of which Flynn was thrown forward against the permanent iron work enclosing the elevator shaft and killed. The petition further alleged that the defendant had negligently failed to properly guard the interior of said cab so that when the decedent was thrown forward against the iron work he was dragged between the iron work and the cab. The petition set out as a third ground of negligence that the operator of the cab failed to stop the cab immediately after throwing Flynn as aforesaid; and as a fourth ground of negligence it was averred that the defendant employed an incompetent and unskilled operator of said cab.

On the trial of the cause the plaintiff abandoned the second claim of negligence to the effect that defendant failed to properly guard the interior of the cab.

It is claimed, first, that the verdict and judgment are not supported by any evidence. On the question of the sudden and negligent starting of the elevator upward before Flynn had put himself in a position of safety in the cab and before he had an opportunity to obtain his balance upon entering the cab, we are of the opinion that there is sufficient evidence to support plaintiff's claim of negligence. This question was submitted to the jury under proper instructions, and it was a question of fact to be determined by the jury whether or not the operator of the elevator had been guilty of negligence, which proximately caused the death of the decedent, in suddenly starting the elevator before Flynn had adjusted himself and obtained his balance in the cab.

In the case of *Mitchell* v. *Marker*, decided by the United States Court of Appeals for this district, 62. Fed., 139, the fourth paragraph of the syllabus is as follows:

"It is the duty of one operating an elevator to give passengers reasonable opportunity to obtain a balance upon entering the car, before a rapid and sudden upward movement is begun, having a tendency to disturb the equilibrium of one yet in motion; and, therefore, held not error to charge in such a case that it is the duty of the elevator man to see that all his passengers are on, and to give them sufficient time to adjust themselves."

Justice Lurton, in deciding this case, says:

"We know of no employment where the law should demand a higher degree of care and diligence than in the case of persons using and running elevators for lifting human beings from one level to another."

In this case it was also laid down as a rule of law in the second paragraph of the syllabus that:

"A carrier by elevator is not an insurer of the safety of his passengers, but is required to exercise the highest degree of care as in the case of a carrier by railway or stage coach."

The record discloses that there was sufficient evidence of facts and circumstances attending the death of Flynn to warrant the jury in reasonably inferring that there was negligence in starting the elevator, and that such negligence proximately caused the death of this man.

Secondly, it is contended that there was no evidence to support the claim of plaintiff that there was negligence in failing to stop the elevator immediately after Flynn fell in the cab. There was evidence tending to show that Flynn was thrown or fell as soon as the elevator was started upward and that the operator saw him falling when the elevator had ascended but three or four feet from the ground floor; that the elevator was not stopped until it had almost reached the second floor, eight or nine feet above the ground floor; that the elevator operator was throwing the lever back and forward, as one witness said, "he was monkeying with the lever trying to shut it off;" and there was evidence tending to show that if the elevator had been going slowly it could have been stopped within three or four

inches, and if going fast it could have been stopped, by throwing out the dogs, within a foot.

Under such circumstances we are not prepared to say that the jury did not have before it any evidence of negligence in failing to stop the elevator before it reached a height of eight or nine feet.

Thirdly, it is claimed that there was no evidence of negligence in employing an incompetent and unskilled operator.

We think the record fails to show any negligence in the employment of the operator of this elevator. He had been employed in that capacity for several years, not only by defendant but by others, and he had had considerable experience in operating elevators, and was not shown to have been incompetent and unskilled when employed by defendant. But aside from this claim of negligence the record discloses evidence sufficient to sustain the verdict, on the other grounds of negligence charged.

It is further claimed that the damages awarded, $7,000, are excessive and obviously influenced by sympathy or prejudice.

The record discloses that this young man at the time he met his death was twenty-five or twenty-six years of age, a splendid specimen of a strong, healthy, vigorous man who had never been sick, had never lost a day's time from his work as a motorman during several years; was industrious, sober, hard-working, thrifty, saving and of good moral character, a devoted son to his aged parents, contributing to the support of his parents and next of kin, and at the time of his death he had saved out of his earnings more than $1,100. He left surviving him his father and mother and ten brothers and sisters. If we consider these facts and the further fact that the Legislature has removed the limits to the amount that may be recovered in cases of this character and that the jury is to be the judge of the reasonable amount that may be allowed, taking into consideration all the facts and circumstances of each case, we are not prepared to say that the verdict and judgment are so excessive as to require this court to set aside the verdict and grant a new trial.

For the reasons stated, the judgment will be affirmed.

JONES (E. H.), P. J., and JONES (Oliver B.), J., concur.